No. 100,218

In the Matter of WILLIAM MICHAEL NELSON, *Respondent.*

(200 P.3d 1262)

Opinion filed January 30, 2009.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with him on the formal complaint for petitioner.

*William M. Nelson,* respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, William M. Nelson, an Overland Park attorney admitted to the practice of law in Kansas in 2000.

The formal complaint filed against the respondent alleged violations of Kansas Rules of Professional Conduct (KRPC) 5.5 (2008 Kan. Ct. R. Annot. 565) (unauthorized practice of law) and KRPC 8.4 (2008 Kan. Ct. R. Annot 586) (misconduct). A hearing was held before a panel of the Kansas Board for Discipline of Attorneys. The respondent stipulated that the factual allegations contained in the formal complaint were true and resulted in the disciplinary rules violations set forth therein.

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law:

"FINDINGS OF FACT

"The Hearing Panel finds the following facts, by clear and convincing evidence:
. . . .

"2. On October 13, 2005, the Kansas Supreme Court suspended the Respondent's license to practice law for failing to comply with the annual attorney registration requirements.

"3. Prior to November 1, 2005, the Respondent attempted to have his license reinstated by forwarding fees to the Kansas Supreme Court. However, the Respondent failed to timely tender the appropriate amount of money to the Court to have his license reinstated. As a result, the Respondent's check was returned to him and his license was not reinstated.

"4. On July 18, 2006, the Respondent again attempted to have his license reinstated by forwarding $500.00 for fees to the Kansas Supreme Court. On July

19, 2007, . . . [the] Attorney Registration Clerk for the Clerk of the Appellate Courts, wrote to the Respondent and acknowledged receipt of his $500.00 check. [The Attorney Registration Clerk] informed the Respondent of other steps he must take to be reinstated to the practice of law. The Respondent failed to take the steps detailed in the letter.

"5. On November 16, 2006, [the Attorney Registration Clerk] again wrote to the Respondent. Because the Respondent failed to take the steps detailed in [the Attorney Registration Clerk's] letter, [the Attorney Registration Clerk] returned the $500.00 check to the Respondent.

"6. On August 2, 2006, the Respondent filed suit . . . in the District Court of Douglas County Kansas, case number 06CV388. The civil suit was assigned to the Honorable Michael J. Malone, Division 4 of the District Court of Douglas County, Kansas.

"7. After the Respondent filed suit, [D.D.] from the Clerk of the District Court attempted to enter the case on Court's computer system. In so doing, [D.D.] was unable to locate the Respondent in Full Court. As a result, [A.J.], Civil Section Supervisor, contacted [the Attorney Registration Clerk] with the Clerk of the Appellate Courts and learned that the Respondent's license had been suspended.

"8. On August 10, 2006, Judge Malone wrote to the Respondent. The letter provided as follows:
'This court was assigned the above-captioned case which was filed by you on 8/2/2006. According to the Offices of the Clerks of the District Court and Kansas Supreme Court, your license to practice law in Kansas was suspended on 10/13/2005.'
'Accordingly, the above-captioned case will be dismissed unless you can show, by 8/21/2006, that your license had been reinstated prior to 8/2/2006.'

"9. On August 24, 2006, Judge Malone dismissed the law suit.

"10. After the Kansas Supreme Court suspended the Respondent's license to practice law, the Respondent continued to practice law in Johnson County District Court, Wyandotte County District Court, Douglas County District Court, and the municipal courts of Overland Park, Shawnee, Lenexa, Mission, Olathe, Gardner, Leawood, Prairie Village, Roeland Park, Bonner Springs, Edwardsville, and Kansas City, Kansas. Additionally, the Respondent filed an appellate brief with the Kansas Court of Appeals.

## "CONCLUSIONS OF LAW

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 5.5 and KRPC 8.4, as detailed below.

"2. KRPC 5.5(a) prohibits the unauthorized practice of law. The Respondent represented [his clients] in the Douglas County District Court. Additionally, the Respondent represented many other clients before the Johnson County District Court, the Wyandotte County District Court, the municipal courts of Overland Park, Shawnee, Lenexa, Mission, Olathe, Gardner, Leawood, Prairie Village, Roeland Park, Bonner Springs, Edwardsville, and Kansas City, Kansas, and before the

Kansas Court of Appeals. Because the Respondent continued to practice law when his license to do so had been suspended, the Hearing Panel concludes that the Respondent violated KRPC 5.5(a).

"3. 'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). In this case, the Respondent engaged in 'conduct that is prejudicial to the administration of justice' when he practiced law without a license. The Respondent's representation of [his clients], at a time when he was prohibited from practicing law, resulted in the dismissal of their case. As such, the Hearing Panel concludes that the Respondent's misconduct prejudiced justice and thereby violated KRPC 8.4(d).

"4. 'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). Continuing to practice law after being suspended adversely reflects on the Respondent's fitness to practice law. The Respondent represented clients in many jurisdictions for an extended period of time. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(g)."

## RECOMMENDED DISCIPLINE

In considering the appropriate discipline, the hearing panel addressed the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions, specifically, the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated*. The Respondent violated his duty to the profession to comply with court rules.

"*Mental State*. The Respondent knowingly violated his duty.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused actual injury to [his clients in case number 06 CV 388]. Because of the Respondent's misconduct, [his clients] lost their cause of action.

"*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Dishonest or Selfish Motive. It was dishonest and selfish for the Respondent to continue to practice law after his license had been suspended.

"A Pattern of Misconduct. After the Court suspended the Respondent's license to practice law, the Respondent continued to practice law in Johnson County District Court, Wyandotte County District Court, Douglas County District Court, and the municipal courts of Overland Park, Shawnee, Lenexa, Mission, Olathe, Gardner, Leawood, Prairie Village, Roeland Park, Bonner Springs, Edwardsville, and Kansas City, Kansas. Additionally, the Respondent filed an appellate brief

with the Kansas Court of Appeals. Accordingly, the Respondent engaged in a pattern of misconduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined.

"Personal or Emotional Problems if Such Misfortunes have Contributed to a Violation of the Kansas Rules of Professional Conduct. The Respondent suffers from moderate depression. The Respondent's depression directly contributed to his inability to generate income to pay the registration fees.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"Inexperience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 2000. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of 5 years. Accordingly, the Hearing Panel concludes that Respondent was inexperienced in the practice of law at the time he engaged in the misconduct.

"Remorse. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.2.

'Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.3."

"The Kansas Supreme Court adopted a rule which dictates the procedure to follow when a Respondent requests probation:

'(g) Requirements of Probation

(1) If the Respondent intends to request that the Respondent be placed on probation for violating the Kansas Rules of Professional Conduct or the Kansas Supreme Court Rules, the Respondent shall provide each member of the Hearing Panel and the Disciplinary Administrator with a workable, substantial, and detailed plan of probation at least ten days prior to the hearing on the Formal Complaint. The plan of probation must contain adequate safeguards that will protect the public and ensure the Respondent's full compliance with the disciplinary rules and orders of the Supreme Court.

(2) If the Respondent provides each member of the Hearing Panel and the Disciplinary Administrator with a plan of probation, the Respondent shall immediately and prior to the hearing on the Formal Complaint put the plan of probation into effect by complying with each of the terms and conditions of the probation plan.

(3) The Hearing Panel shall not recommend that the Respondent be placed on probation unless:

(i) the Respondent develops a workable, substantial, and detailed plan of probation and provides a copy of the proposed plan of probation to the Disciplinary Administrator and each member of the Hearing Panel at least ten days prior to the hearing on the Formal Complaint;

(ii) the Respondent puts the proposed plan of probation into effect prior to the hearing on the Formal Complaint by complying with each of the terms and conditions of the probation plan;

(iii) the misconduct can be corrected by probation; and

(iv) placing the Respondent on probation is in the best interests of the legal profession and the citizens of the State of Kansas. Kan. Sup. Ct. R. 211(g).' "

## The hearing panel then stated:

"The Hearing Panel concludes that the Respondent's proposed plan of probation is not substantial and detailed. Additionally, the Hearing Panel concludes that the Respondent failed to implement the plan of probation prior to any of the three hearings. Finally, the Hearing Panel concludes that placing the Respondent on probation is not in the best interests of the legal profession and the citizens of the State of Kansas.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be suspended for a period of six months from the practice of law in the State of Kansas. Additionally, following the six-month suspension, the Hearing Panel recommends that the Respondent submit to a reinstatement hearing, pursuant to Kan. Sup. Ct. R. 219, to establish that he is currently eligible and fit to practice law."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the hearing panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003); see also Supreme Court Rule 211(f) (2008 Kan. Ct. R. Annot. 313) (misconduct to be established by clear and convincing evidence).

The respondent stipulated to the factual allegations contained in the formal complaint and the disciplinary rules violations charged therein. Additionally, he filed no exceptions. As a result, the final hearing report is deemed admitted. Supreme Court Rule 212(c) (2008 Kan. Ct. R. Annot. 327). We conclude the hearing panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law, and we adopt the panel's findings and conclusions.

Based upon this court's consideration of the entire record, the arguments of counsel, and statements of the respondent before this court, we conclude that the appropriate discipline in this case is a 6-month suspension from the practice of law in this state.

IT IS THEREFORE ORDERED that William M. Nelson be and he is hereby suspended for 6 months from the practice of law in Kansas, effective upon the filing of this opinion in accordance with Supreme Court Rule 203(a)(2) (2008 Kan. Ct. R. Annot. 266) for violations of KRPC 5.5 (2008 Kan. Ct. R. Annot. 565) (unauthorized practice of law) and KRPC 8.4 (2008 Kan. Ct. R. Annot 586) (misconduct).

IT IS FURTHER ORDERED that William M. Nelson shall comply with Supreme Court Rule 218 (2008 Kan. Ct. R. Annot. 350).

IT IS FURTHER ORDERED that William M. Nelson shall comply with Supreme Court Rule 219 (2008 Kan. Ct. R. Annot. 365) if he seeks reinstatement. As part of the reinstatement procedure, the Disciplinary Administrator may require an evaluation by a health care provider chosen by the Disciplinary Administrator in order to determine if respondent is mentally and physically competent to engage in the active and continuous practice of law in this state.

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the respondent pay the costs of these proceedings.

MCFARLAND, C.J., not participating.

HILL, J., assigned.